IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARCELLE R. WINDSOR, | ) | |
| | ) | |
| Plaintiff/Judgment Creditor, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-1114-KHV |
| | ) | |
| THOMAS A. LANE, | ) | |
| | ) | |
| Defendant/Judgment Debtor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant/Garnishee. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant/Garnishee Progressive Northwestern Insurance Company's Motion To Declare Defendant/Judgment Debtor Thomas A. Lane As A Nominal Party Or, Alternatively, To Realign The Parties (Doc. #6) filed June 5, 2025, Plaintiff's Motion To Remand To State Court (Doc. #11) filed June 30, 2025 and the Supplemental Motion To Set Aside Default Judgment And Motion In Support (Doc. #17) which Thomas A. Lane filed July 21, 2025. For reasons set forth below, the Court sustains Progressive's motion and overrules the motions by plaintiff and Lane.

**Factual And Procedural Background**

On January 25, 2025, in the District Court of Harvey County, Kansas, plaintiff filed suit against Thomas A. Lane for injuries that she sustained in an automobile accident. See Petition (Doc. #1-2) filed May 30, 2025. Plaintiff and Lane are both Kansas residents. See id.

On April 4, 2025, the Harvey County district court entered default judgment against Lane for $75,000 plus $210.11 for costs of the action, for a total of $75,210.11.  See Journal Entry Of Default Judgment (Doc. #1-2).  On April 28, 2025, plaintiff requested an order of garnishment against Progressive Northwestern Insurance Company—an Ohio corporation and Lane's insurer—for the total judgment.  See Request For Garnishment (Doc. #1-2).  That same day, the Harvey County district court granted plaintiff's request.  See Order Of Garnishment (Doc. #1-2).

On May 30, 2025, Progressive removed the case to federal court based on diversity jurisdiction.  See Notice Of Removal (Doc. #1).

**Analysis**

Progressive asks that the Court regard Lane as a nominal party or, in the alternative, realign Lane with plaintiff, thus creating diversity of citizenship between the parties.  See Defendant/Garnishee Progressive Northwestern Insurance Company's Motion To Declare Defendant/Judgment Debtor Thomas A. Lane As A Nominal Party Or, Alternatively, To Realign The Parties (Doc. #6).  Plaintiff asks the Court to remand.  See Plaintiff's Motion To Remand To State Court (Doc. #11).   Lane asks the Court to set aside the default judgment which the Harvey County district court entered against him.  Supplemental Motion To Set Aside Default Judgment And Motion In Support (Doc. #17).

**I.    Progressive's Motion To Declare Lane A Nominal Party**

Progressive asks the Court to declare Lane a nominal party.  In the context of removal actions, the Tenth Circuit has not defined "nominal party."  Paxson v. Est. of Lane by Palmateer, No. 24-CV-1076-EFM, 2024 WL 4227246, at *2 (D. Kan. Sep. 18, 2024).  In other contexts, however, a nominal party is one who is "not necessary to a complete adjudication of the controversy."  Hann v. City of Clinton, Okla., 131 F.2d 978, 981 (10th Cir. 1942).

Plaintiff argues that a live controversy remains between her and Lane because (1) she holds a valid, enforceable judgment against Lane personally, (2) Lane's insurance coverage through Progressive is directly at issue and (3) Lane will be personally liable if Progressive denies coverage.  The Harvey County district court, however, has adjudicated plaintiff's complaint against Lane.  See Journal Entry Of Default Judgment (Doc. #1-2).  Plaintiff's garnishment effort is a separate action directed toward Progressive—not Lane.  L.B. by Berry v. Princeton Excess & Surplus Lines Ins. Co., No. 25-1086-JWL, 2025 WL 1898260, at *7 (D. Kan. July 9, 2025) (garnishment is separate and distinct from underlying tort action).  Because Lane is not necessary for complete adjudication of the controversy against Progressive, he is a nominal party in this garnishment action.  See id. (judgment debtor is nominal party in garnishment action removed from state court); Clark v. Souza, No. 25-CV-2214-JWB, 2025 WL 2062007, at *4 (D. Kan. July 23, 2025) (same); Paxson, 2024 WL 4227246, at *3 (same).  The Court therefore sustains Progressive's motion to declare Lane a nominal party.

**II.    Plaintiff's Motion To Remand**

Plaintiff asks the Court to remand the case.  Federal courts have limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  Atlas Biologicals, Inc. v. Kutrubes, 50 F.4th 1307, 1317 (10th Cir. 2022).  Therefore, the law imposes a presumption against jurisdiction.  Id.  Defendants may remove a case to federal court if plaintiff could have originally brought the action in federal court.  See 28 U.S.C. § 1441(a).  The Court is required to remand, however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  The Court evaluates the propriety of removal from state court based on the complaint at the time of removal.  Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488–89 (10th Cir. 1991).

For the Court to exercise subject matter jurisdiction under 28 U.S.C. § 1332, complete diversity must exist between plaintiff and defendants, and the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014). When the citizenship of a party is "not necessary to a complete adjudication of the controversy," the Court disregards the presence of the party in analyzing diversity jurisdiction. Hann, 131 F.2d at 981. As the party asserting jurisdiction, defendants bear the burden of proving jurisdiction exists by a preponderance of the evidence. Dutcher v. Matheson, 733 F.3d 980, 985 (10th Cir. 2013).

Plaintiff argues that because the amount in controversy does not exceed $75,000 and complete diversity of citizenship does not exist between the parties, the Court lacks subject matter jurisdiction.

A.  Amount In Controversy

Plaintiff argues that because the Court must exclude costs and interest in determining the amount in controversy, defendant has not established that the amount in controversy exceeds $75,000. As noted, the district court entered default judgment against Lane in the sum of $75,000 plus $210.11 for costs of the action, for a total judgment of $75,210.11. See Journal Entry Of Default Judgment (Doc. #1-2). Plaintiff requested, and the district court granted, an order of garnishment for the total judgment, $75,210.11. See Order Of Garnishment (Doc. #1-2).

Garnishment proceedings initiated in state court are original and independent causes of action separate from the underlying tort action giving rise to the garnishment. L.B. by Berry, 2025 WL 1898260, at *7; Bridges v. Bentley, 716 F. Supp. 1389, 1391–92 (D. Kan. 1989). Therefore, in determining the amount in controversy, the Court considers the garnishment amount—the value of the claim which plaintiff seeks to enforce. See Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.,

774 F. Supp. 3d 799, 806 (N.D. Tex. 2024) (amount in controversy must be satisfied based on garnishment action); Armentrout v. Atl. Cas. Ins. Co., 731 F. Supp. 2d 1249, 1253 n.1 (S.D. Ala. 2010) (amount in controversy threshold met when plaintiff requested garnishment for state court judgment in amount of $250,000). Here, plaintiff seeks to garnish $75,210.11, so the amount in controversy is $75,210.11.

    B. Complete Diversity

Plaintiff argues that because she and Lane are both citizens of Kansas, complete diversity does not exist between the parties. As noted, however, when the citizenship of a party is "not necessary to a complete adjudication of the controversy," the Court disregards the presence of the non-diverse party. Hann, 131 F.2d at 981. Lane is a nominal party to this garnishment action, and therefore the Court overlooks his Kansas citizenship. Accordingly, the real parties in interest are plaintiff (a citizen of Kansas) and Progressive (an Ohio corporation).

The Court has diversity jurisdiction and therefore overrules plaintiff's motion to remand.

**III. Lane's Motion To Set Aside Default Judgment**

Lane asks that the Court set aside the default judgment which the Harvey County district court entered against him.[1]

Upon removal, a federal court can set aside a state court default judgment, applying federal procedural rules and standards to determine whether to set it aside. Jenkins v. MTGLQ Invs., 218 F. App'x 719, 723–24 (10th Cir. 2007). Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Under

---

[1] Before Progressive removed the case, on May 30, 2025, Lane filed a motion to set aside the default judgment with the Harvey County district court. The parties have not provided his original motion to the Court.

Rule 60(b), the Court has discretion to grant or deny a motion to vacate judgment. See F. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Here, Lane seeks relief under Fed. R. Civ. P. 60(b)(1). Under Rule 60(b)(1), the Court may relieve a party from a final judgment, order or proceeding for mistake, inadvertence, surprise or excusable neglect. Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999).

Under Rule 60(b)(1), Lane may seek relief based on mistake "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." Id. "[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." Id.

Excusable neglect "encompass[es] situations in which failure to comply with a deadline is attributable to negligence." Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 394 (1993)) (ellipses omitted). Lane bears the burden of demonstrating excusable neglect, and if he does so, he also must show a meritorious defense. Marcus Food Co. v. DiPanfilo, 671 F.3d 1159, 1172 (10th Cir. 2011). The Court considers "the danger of prejudice to [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395. The Court must resolve all doubts in favor of Lane, the moving party. Marcus Food Co., 671 F.3d at 1172.

Lane asserts that the Court should set aside the default judgment because he (1) had no

prior experience with claims or lawsuits, (2) believed that his insurance carrier was handling the matter and (3) was unaware that he needed to respond to plaintiff's complaint.  As for mistake, Lane has not shown that he or his attorney made an excusable litigation mistake.  See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996) (Rule 60(b)(1) deals with mistakes that occur in judicial process of enforcing rights); see also Thompson v. Kerr–McGee Refining Corp., 660 F.2d 1380, 1384–85 (10th Cir. 1981) (granting Rule 60(b)(1) relief when party relied upon attorney's advice that no appearance was necessary).  Lane has not argued that the Harvey County district court judge made a substantive mistake of law or fact.  The Court therefore overrules Lane's request for relief based on mistake.

As for excusable neglect, deliberate decisions or misunderstandings of legal obligations—even if based on erroneous assumptions—do not constitute excusable neglect.  See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1446 (10th Cir. 1983) (denying Rule 60(b)(1) relief when defendant erred in concluding that he would not be liable because his co-defendant had filed bankruptcy proceedings); see also Otoe Cnty. Nat. Bank v. W & P Trucking, Inc., 754 F.2d 881, 883–84 (10th Cir. 1985) (denying Rule 60(b)(1) relief when defendant failed to answer because he mistakenly believed that court had stayed proceedings).  Even though Lane mistakenly believed that Progressive was handling the lawsuit, he still made a deliberate decision not to respond.  Therefore, he has not established excusable neglect.

As for the other factors, while Lane's delay in seeking relief was minimal, he presented a meritorious defense and he apparently did not act in bad faith, prejudice to plaintiff and potential impact on the judicial proceedings are great.  Plaintiff is prejudiced by increased expenses of duplicative pleadings.  Plaintiff obtained a default judgment, initiated garnishment proceedings, prepared for and attended a state court hearing and is now re-litigating those same issues in federal

court.  The potential impact on the judicial proceeding is great.  Lane's failure to respond has led to this garnishment action, which Progressive has removed to federal court.  If the Court granted Lane's motion, it would remand the case for lack of subject matter jurisdiction over the underlying tort action.  Though courts prefer to dispose of litigation on the merits, and default judgments are generally disfavored, Lane has not shown exceptional circumstances which would warrant extraordinary relief from the default judgment against him.  For these reasons, the Court overrules Lane's motion to set aside the default judgment based on excusable neglect.

**IT IS THEREFORE ORDERED** that <u>Defendant/Garnishee Progressive Northwestern Insurance Company's Motion To Declare Defendant/Judgment Debtor Thomas A. Lane As A Nominal Party Or, Alternatively, To Realign The Parties</u> (Doc. #6) filed June 5, 2025 is **SUSTAINED.**

**IT IS FURTHER ORDERED** that <u>Plaintiff's Motion To Remand To State Court</u> (Doc. #11) filed June 30, 2025 is **OVERRULED.**

**IT IS FURTHER ORDERED** that the <u>Supplemental Motion To Set Aside Default Judgment And Motion In Support</u> (Doc. #17) which Thomas A. Lane filed July 21, 2025 is **OVERRULED.**

Dated this 8th day of September, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge